IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | A-10-CR-264 LY |
| | § | |
| HUY HOANG DANG | § | |

**<u>ORDER</u>**

Before the Court is the Defendant's Motion for Hearing on Bond and Incorporated Memorandum of Law (Clerk's Doc. No. 25).

Given that the Defendant has already had a bond hearing, the Court will construe the motion as a motion to reconsider the Court's order of detention. The basis for the request for reconsideration is summed up in the first few sentences of Dang's motion:

> Dang has many ties with friends and family to the United States, and specifically the Austin area. As an indication of the substantial evidence to be offered in support of this bond motion, Dang hereby tenders to the Court five letters of support . . . Dang is not a flight risk. Dang has considerable ties with family and friends here in the United States and in the Austin area. Dang poses little risk to the community if released on bond. Dang's release pursuant to reasonable bond conditions will ensure his appearance for Court.

*See* Defendant's Motion for Hearing on Bond at 1-2 (Clerk's Doc. No. 25). The five letters referred to in this passage generally state that the Defendant is a "nice guy" who smiles a lot, and is generous and amiable. None of the letters are written by family members, and none indicate that the Defendant has ever been employed in Austin (or elsewhere).

As just noted, on March 30, 2010, the Court conducted a full, evidentiary hearing on the Government's original motion to detain Dang, and after hearing that evidence concluded that there were not any conditions it could set that would reasonably assure the Defendant's appearance as required. The Court did not conclude that the Defendant posed a risk to the community if he were

to be released. The Court entered an order detaining Dang on March 30, 2010. *See* Clerk's Doc. No. 10. As stated in that order, the basis for the Court's conclusion was:

> Although the defendant has permanent residency status in the US, that status is in jeopardy given the charges against him. He has been in the Austin area for only three years, and has no strong ties, either through work or family connections, to this area. The case involves substantial sums of cash and the marijuana plants seized had a value in the millions of dollars, suggesting that the defendant may have the assets necessary to flee, and no property or other collateral was offered by the defendant to secure his presence at trial.

*Id.*

There is nothing in the motion submitted by Dang to undermine this conclusion, or to suggest that the Court should reconsider its earlier decision. Indeed, since the time of the original hearing, Dang has been indicted and charged with two felony counts. The first count charges Dang with manufacturing a controlled substance, involving 100 or more marijuana plants, in violation of 21 U.S.C. § 841, and the second charges him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Count One carries a mandatory minimum sentence of five years of imprisonment, and Count Two carries a five year, mandatorily consecutive sentence. This means that, if found guilty of both charges, Dang faces a minimum sentence of ten years of imprisonment. Perhaps more important to the present discussion, he also will face a mandatory order of deportation if convicted of Court One, and will be deported after serving at least ten years in prison.

Given the mandatory minimum sentence, combined with the specter of deportation, the Defendant poses a significant flight risk. The undersigned remains of the view that it could not set conditions that would reasonably assure the appearance of the Defendant as required if released. Given the lengthy sentence the Defendant is facing, combined with the likelihood of deportation, the

risk of flight is too high to address with conditions.

ACCORDINGLY, IT IS ORDERED that the Defendant's Motion for Hearing on Bond and Incorporated Memorandum of Law (Clerk's Doc. No. 25) is DENIED, and it is ORDERED that the Defendant remain in the custody of the United States Marshal under the terms originally set by the undersigned on March 30, 2010.

SIGNED this 15th day of June, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE